**Paul GINSBURG, Appellant,**

v.

**Horace STERN, Alien M. Stearne, Charles Alvin Jones, John C. Bell, Jr., Thomas McKeen Chidsey, Michael A. Musmanno and John C. Arnold, Individually and Jointly as Justices of the Supreme Court of Pennsylvania.**

**No. 12165.**

United States Court of Appeals
Third Circuit.

Argued Oct. 8, 1957.

Decided Jan. 3, 1958.

Rehearing Denied Feb. 4, 1958.

**50**

Paul Ginsburg, Pittsburgh, Pa., for appellant.

Thomas D. McBride, Atty. Gen., (Leonard M. Mendelson, Pittsburgh, Pa., Lois G. Forer, Deputy Atty. Gen., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and McLAUGHLIN, Circuit Judges.

PER CURIAM.

Ginsburg, the appellant, filed a complaint against the then Chief Justice of the Supreme Court of Pennsylvania and against certain Associate Justices of that Court alleging that they had conspired to deprive him and had deprived him of rights guaranteed him by the Fourteenth Amendment to the Constitution of the United States in violation of the Civil Rights Acts now embodied in Sections 1983, 1985 and 1986, Title 42 U.S.C.A., thereby damaging him in excess of $3,000.

Three causes of action are set out in the complaint which need not be detailed here. It is sufficient to state that all of them are based on alleged improper and erroneous interpretations of the law of Pennsylvania and of Pennsylvania procedure and practice by lower courts of the Commonwealth of Pennsylvania in determining unfavorably to Ginsburg causes of action which he sought to maintain against certain defendants. Ginsburg further alleges that the Supreme Court of Pennsylvania quashed his appeals and also denied certain procedural relief to which he thought he was entitled. Ginsburg did not seek review of the judgments of the Pennsylvania State courts, including the Supreme Court of Pennsylvania, by the Supreme Court of the United States.

It appears affirmatively from the complaint itself that Ginsburg has not brought himself within the reach of the Civil Rights Acts or any of them. The complaint does not show that he has been denied any rights, privileges or immunities secured by the Constitution and the laws of the United States. It is clear that Ginsburg has not alleged facts that demonstrate that those whom he names as defendants have denied or attempted to deny him equal protection of the laws. We find it unnecessary therefore to determine the issue as to whether the Third Civil Rights Act of April 20, 1871, 17 Stat. 13, now R.S. Section 1979, abrogated the common law immunity of the Judiciary of the Commonwealth of Pennsylvania as we held in Picking v. Pennsylvania R. Co., 3 Cir., 1945, 151 F.2d 240. We desire to make it clear in this opinion that we are in nowise passing on this issue, attempted to be presented by Ginsburg, and we express no opinion as to whether the principle enunciated by us in Picking was in effect overruled by Tenney v. Brandhove, 1951, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019.

The judgment of the court below will be affirmed.